**RESNICK LAW GROUP, PLLC.**
Mark R. Resnick, State Bar No. 19272
100 North Stone Avenue, Suite 801
Tucson, Arizona 85701
Telephone: (520) 903-9938
Facsimile: (520) 882- 8622
resnicklawfirm@gmail.com
Attorney for Defendant Sean Lee Arnold

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| United States of America, | Case No.: CR-21-02521- TUC-JAS (DTF) |
| Plaintiff, | |
| vs. | **MOTION FOR MEDICAL TREATMENT** |
| Sean Lee Arnold, | |
| Defendant. | (FIRST REQUEST) |

COMES NOW defendant, Sean Lee Arnold, by and through his undersigned counsel, and moves this court for hearing to review the lack of medical care the defendant is receiving at CCA. Since his arrest, the defendant's eye has been degenerating. He has made multiple requests for medical care, and all have fallen upon deaf ears.

The one time he was seen, the person providing evaluation stated that he needed to see a specialist. Since that time, his eye had degenerated further, and the defendant cannot see from it any further. All of this has occurred since his arrest.

As counsel, it has become increasingly difficult to share provide information to the defendant or to get his assistance in preparing this matter as he cannot see. This is causing other health and psychological issues that make it almost impossible for the defendant to focus on the case while his concern is whether he will be able to see again from the affected eye, or whether the ongoing issue

will spread to his good eye. Because none of the parties who are typically responsible for getting the defendant medical care seem interested in doing so, the defendant hereby requests that the court order the government (CCA/US MARSHALS) to ensure that the defendant sees a specialist for his diseased eye, as continued refusal to do so is now interfering with counsel's ability to prepare a defense in this matter.

**BACKGROUND.**

Mr. Arnold was arrested on August 31, 2021, for violating 21 U.S.C. § 841 (k) (1) and 841 (b) (1) (A) (viii) for allegedly possessing with the intent to distribute 1.68 kg of methamphetamine.

On September 10, 2021, Mr. Arnold was ordered detained by United States magistrate Leslie a Bowman (DKT 10). The court held that Mr. Arnold had not rebutted the presumption of detention in that there were no conditions or combination of conditions to reasonably assure his appearance as required in the safety of the community, and that there was a serious risk that Mr. Arnold would not appear at future proceedings.

Since his arrest, the defendant has made numerous requests to be seen regarding the degeneration of his eye. On the occasion where he was seen, he was told he needed to see a specialist. Despite that, none of the parties who would typically be responsible for arranging that treatment have shown an interest in doing so. In fact, each maintains that it is the responsibility of the other. In the interim, the defendants has degenerated to a point where it is unusable. He does not know if the site will return ever. It has also caused him such trauma that it is interfering with counsel's ability to keep the defendant focused, and defendant's ability to assist counsel in preparing a defense.

**LAW AND ARGUMENT**

The Supreme Court has held that the 8th amendment's prohibition against cruel and unusual punishment requires the government to provide healthcare to prisoners. See, Estelle v. Gamble, 429 U.S. 97, 103 (1976). Further, the deliberate attempt of prosecutors and government agents to undermine the relationship between an attorney and his client and to subvert the right to effective assistance of counsel violates the sixth amendment. See, US v. Morrison, 499 U.S. 361 (1981); U.S. v. Henry, 477 U.S. 264 (1980); Weatherford v. Bursey, 429 U.S. 545 (1977); U.S. v. Martinez, 785 F.2d 111 (3rd Cir., 1986).

While defendant does not believe that it has reached the point of a constitutional violation, the defendant requests that the court intervene at this point so we do not get there. Currently, the defendant has a trial set in January, and preparation is ongoing. It is critical that the defendant be able to focus on his upcoming trial.

**CONCLUSION**

For the foregoing reasons, and to avoid any constitutional violations that might my dealer record in this matter, defendant hereby request that the court CCA or the US marshals (whichever party is responsible) to ensure that the defendant receives proper medical care for his diseased/damaged eye.

RESPECTFULLY SUBMITTED this 13th day of December, 2021.

s/ Mark R. Resnick
MARK R. RESNICK

| | |
|---|---|
| 1 | |
| 2 | <u>Certificate of Service:</u>  I certify that on this date, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing |
| 3 | and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants: |
| 4 | |
| 5 | Ashley Culver<br>Assistant United States Attorney<br>United States Attorney's Office |
| 6 | 405 West Congress Street, Suite 4800<br>Tucson, Arizona 85701 |
| 7 | |
| 8 | |
| 9 | |
| 10 | |
| ... | |
| 26 | |