GARY M. RESTAINO
United States Attorney
District of Arizona
ASHLEY CULVER
Assistant U.S. Attorney
State Bar No. 028016
United States Courthouse
405 W. Congress Street, Suite 4800
Tucson, Arizona 85701
Telephone: 520-620-7300
Email: ashley.culver@usdoj.gov
Attorneys for Plaintiff



IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States America, | CR 21-02521-TUC-JAS (DTF) |
| Plaintiff, | PLEA AGREEMENT |
| vs. | |
| Sean Lee Arnold, | |
| Defendant. | |

The United States of America and the defendant agree to the following disposition of this matter:

### PLEA

1. The defendant agrees to plead guilty to Counts One and Three of the Indictment, which charges the defendant with a felony violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii), and 846, Conspiracy to Possess with Intent to Distribute Methamphetamine, and 18 U.S.C. §§ 922(g)(1), 924(a)(2), Possession of a Firearm and Ammunition by a Convicted Felon. The remaining counts in the Indictment will be dismissed at sentencing.

### Elements of the Offense

2(a). The elements of Conspiracy to Possess with Intent to Distribute Methamphetamine are as follows:

(1). The defendant agreed with at least one other person to commit the crime of Possession with Intent to Distribute Methamphetamine;

(2). The defendant became a member of the conspiracy knowing that its object was the Possession of Methamphetamine with Intent to Distribute and intending to accomplish said object.

As a sentencing factor, the government would be required to prove that the quantity of methamphetamine possessed was 50 grams or more of methamphetamine, or 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine (approximately 1.35 kilograms of "actual" methamphetamine).

2(b). The elements of Possession of a Firearm and Ammunition by a Convicted Felon are as follows:

(1) The defendant knowingly possessed a firearm and ammunition;

(2) At the time the defendant possessed the firearm and ammunition, he had been previously convicted of a crime punishable by imprisonment for a term exceeding one year;

(3) At the time the defendant possessed the firearm and ammunition, he knew he had been previously convicted of a crime punishable by imprisonment for a term exceeding one year; and

(4) The firearm and ammunition affected commerce in that they were previously transported into the state of Arizona from another state or foreign country.

### Maximum Penalties

3. The defendant understands that the maximum penalties are:

(a). <u>Count One:</u> A fine of $10,000,000.00, a term of life imprisonment with a mandatory minimum term of ten (10) years, or both, and a term of between five (5) years and lifetime supervised release.

(b). <u>Count Three:</u> A maximum fine of $250,000.00, a maximum term of imprisonment of ten (10) years, or both, and a term of supervised release of not more than three (3) years.

4. The defendant agrees to pay a fine unless the defendant establishes the applicability of the exceptions contained in § 5E1.2(e) of the Sentencing Guidelines.

5. Pursuant to 18 U.S.C. § 3013, the defendant shall pay a special assessment of $100.00 per felony count. The special assessment is due and payable at the time the defendant enters the plea of guilty and shall be paid no later than the time of sentencing unless the defendant is indigent. If the defendant is indigent, the special assessment will be collected according to the provisions of Chapters 227 and 229 of Title 18, United States Code.

### Drug Conviction & Immigration Consequences

6. The defendant understands and acknowledges that pleading guilty may result in the termination or denial of certain food stamp, social security, and other benefits for defendant and the defendant's immediate family pursuant to 21 U.S.C. §§ 862 and 862a.

7. The defendant recognizes that pleading guilty may have consequences with respect to his/her immigration status if the defendant is a recently naturalized United States citizen or is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, including the offense(s) to which defendant is pleading guilty. Although there may be exceptions, the defendant understands that the defendant's guilty plea and conviction for this offense make it practically inevitable and a virtual certainty that the defendant will be removed or deported from the United States. The defendant agrees that he/she has discussed this eventuality with his/her attorney. The defendant nevertheless affirms that he/she wants to plead guilty regardless of any immigration consequences that this plea entails, even if the consequence is the defendant's automatic removal from the United States.

///

## STIPULATIONS, TERMS AND AGREEMENTS

### Agreements Regarding Sentencing

8. <u>Guideline Calculations</u>: Although the parties understand that the Guidelines are only advisory and just one of the factors the Court will consider under 18 U.S.C. § 3553(a) in imposing a sentence, pursuant to Rule 11(c)(1)(C), Fed. R. Crim. P., the parties stipulate and agree that the following guideline calculations are appropriate for the charge for which the defendant is pleading guilty:

| | | |
|---|---|---|
| Career offender: | § 4B1.1(b)(1) | 37 |
| Acceptance of Responsibility: | § 3E1.1(a) & (b) | - 3 |
| Early Disposition/Government Savings | § 5K3.1/5K2.0 | -4 |
| Downward Variance | 18 USC § 3553 | <u>-2</u> |
| [Unanticipated Evidentiary Issues] | | |
| Total Adjusted Offense Level: | | 28 |

\*The parties agree that the offense level computation for Count Three, Possession of a Firearm and Ammunition by a Convicted Felon, is included in the guideline calculations.

9. <u>Sentencing Agreement</u>: Pursuant to Fed. R. Crim. P. 11(c)(1)(C) and U.S.S.G. § 5K3.1, the government and defendant stipulate and agree that the following sentence is appropriate for these offenses: 144 months of imprisonment, to be followed by a term of five years of supervised release.

10. The parties agree that the defendant is not safety valve eligible for these offenses.

(a). Either party may withdraw from the plea agreement if the defendant does not receive a sentence of 144 months of imprisonment.

(b). Neither party may request any departures or adjustments from the sentencing guidelines or any variance in support of a sentence outside of the stipulated sentence of 144 months of imprisonment. Either party may argue additional departures or a variance in support of the stipulated sentence of 144 months of imprisonment.

1. 11. The parties agree that the defendant was an **average** participant in the offense for the purpose of role analysis under U.S.S.G. §§ 3B1.1 and 3B1.2.

12. In exchange for the defendant's guilty plea on the terms and conditions herein, the government will not pursue any additional drug or firearm charges against the defendant in the District of Arizona prior to August 31, 2021, that arose from the defendant's participation in the conspiracy alleged in Count One of the Indictment.

13. The defendant and the government agree that this agreement does not in any manner restrict the actions of the government in any other district or bind any other United States Attorney's Office.

14. The defendant understands and agrees to cooperate fully with the United States Probation Office in providing (a) all criminal history information, i.e., all criminal convictions as defined under the Sentencing Guidelines; (b) all financial information, i.e., present financial assets or liabilities that relate to the ability of the defendant to pay a fine or restitution; (c) all history of drug abuse which would warrant a treatment condition as part of sentencing; and (d) all history of mental illness or conditions which would warrant a treatment condition as part of sentencing.

15. If the Court, after reviewing this plea agreement, concludes any provision is inappropriate, it may reject the plea agreement pursuant to Rule 11(c)(5), Fed. R. Crim. P., giving the defendant, in accordance with Rule 11(d)(2)(A), Fed. R. Crim. P., an opportunity to withdraw defendant's guilty plea.

Forfeiture

AGREEMENT AS TO FORFEITURE

16(a). Defendant acknowledges the Bureau of Alcohol, Tobacco, Firearms and Explosives administratively forfeited one Marlin Firearms Company, J.C. Higgins, model 100, .22 caliber rifle and one round of .38 ammunition, and U.S. Customs and Border Protection administratively forfeited the $3800 in U.S. currency.

(b). Defendant knowingly and voluntarily waives all constitutional, legal and equitable defense to the forfeiture of the assets in any proceeding. Defendant agrees to

waive any jeopardy defense or claim of double jeopardy, whether constitutional or statutory and agrees to waive any claim or defense under the Eighth Amendment to the United States Constitution, including any claim of excessive fine, to the forfeiture of the assets by the United States.

(c). Defendant knowingly and voluntarily agrees to hold the United States, its agents and employees harmless from any claims whatsoever in connection with the seizure or forfeiture of the above-listed assets.

## Waiver of Defenses and Appeal Rights

17. Provided the defendant receives a sentence in accordance with this plea agreement, the defendant waives (1) any and all motions, defenses, probable cause determinations, and objections that the defendant could assert to the indictment or information; and (2) any right to file an appeal, any collateral attack, and any other writ or motion that challenges the conviction, an order of restitution or forfeiture, the entry of judgment against the defendant, or any aspect of the defendant's sentencing-including the manner in which the sentence is determined, the determination whether defendant qualifies for "safety valve" (U.S.S.G. § 5C1.2 and 18 U.S.C. § 3553(f)), and any sentencing guideline determinations. The defendant further waives: (1) any right to appeal the Court's entry of judgment against defendant; (2) any right to appeal the imposition of sentence upon defendant under Title 18, United States Code, Section 3742 (sentence appeals); (3) any right to appeal the district court's refusal to grant a requested variance; (4) any right to collaterally attack defendant's conviction and sentence under Title 28, United States Code, Section 2255, or any other collateral attack; and (5) any right to file a motion for modification of sentence, including under Title 18, United States Code, Section 3582(c) (except for the right to file a compassionate release motion under 18 U.S.C. § 3582(c)(1)(A) and to appeal the denial of such a motion). The defendant acknowledges that this waiver shall result in the dismissal of any appeal or collateral attack the defendant might file challenging his/her conviction or sentence in this case. If the defendant files a notice of appeal or a habeas petition, notwithstanding this agreement, defendant agrees that

this case shall, upon motion of the government, be remanded to the district court to determine whether defendant is in breach of this agreement and, if so, to permit the government to withdraw from the plea agreement. This waiver shall not be construed to bar an otherwise-preserved claim of ineffective assistance of counsel or of "prosecutorial misconduct" (as that term is defined by Section II.B of Ariz. Ethics Op. 15-01 (2015)).

## Reinstitution of Prosecution

18. Nothing in this agreement shall be construed to protect the defendant in any way from prosecution for perjury, false declaration or false statement, or any other offense committed by the defendant after the date of this agreement. In addition, if the defendant commits any criminal offense between the date of this agreement and the date of sentencing, the government will have the right to withdraw from this agreement. Any information, statements, documents and evidence which the defendant provides to the United States pursuant to this agreement may be used against the defendant in all such proceedings.

If the defendant's guilty plea is rejected, withdrawn, vacated, or reversed by any court in a later proceeding, the government will be free to prosecute the defendant for all charges as to which it has knowledge, and any charges that were dismissed because of this plea agreement will be automatically reinstated. In such event, the defendant waives any objections, motions, or defenses based upon the Speedy Trial Act or the Sixth Amendment to the Constitution as to the delay occasioned by the later proceedings. Defendant agrees that the stipulated sentencing ranges set forth under "Agreements Regarding Sentence" will not be offered if prosecution is re-instituted.

## Plea Addendum

19. This written plea agreement, and any written addenda filed as attachments to this plea agreement, contain all the terms and conditions of the plea. Any additional agreements, if any such agreements exist, shall be recorded in a separate document and may be filed with the Court under seal. Accordingly, additional agreements, if any, may not be in the public record.

## WAIVER OF DEFENDANT'S RIGHTS AND FACTUAL BASIS

### Waiver of Rights

I have read each of the provisions of the entire plea agreement with the assistance of counsel and understand its provisions. I have discussed the case and my constitutional and other rights with my attorney. I understand that by entering my plea of guilty I will be giving up my right to plead not guilty; to trial by jury; to confront, cross-examine, and compel the attendance of witnesses; to present evidence in my defense; to remain silent and refuse to be a witness against myself by asserting my privilege against self-incrimination; all with the assistance of counsel; to be presumed innocent until proven guilty beyond a reasonable doubt; and to appeal.

I agree to enter my guilty plea as indicated above on the terms and conditions set forth in this agreement.

I have been advised by my attorney of the nature of the charge to which I am entering my guilty plea. I have been advised by my attorney of the nature and range of the possible sentence, and that I will not be able to withdraw my guilty plea if I am dissatisfied with the sentence the court imposes.

My guilty plea is not the result of force, threats, assurances or promises other than the promises contained in this agreement. I agree to the provisions of this agreement as a voluntary act on my part, rather than at the direction of or because of the recommendation of any other person, and I agree to be bound according to its provisions. I agree that any Sentencing Guidelines range referred to herein or discussed with my attorney is not binding on the Court and is merely an estimate.

I agree that this written plea agreement contains all the terms and conditions of my plea and that promises made by anyone (including my attorney) that are not contained within this written plea agreement are without force and effect and are null and void.

I am satisfied that my defense attorney has represented me in a competent manner.

I am not now on or under the influence of any drug, medication, liquor, or other intoxicant or depressant, which would impair my ability to fully understand the terms and conditions of this plea agreement.

Factual Basis and Relevant Conduct

I further agree that the following facts accurately describe my conduct in connection with the offense to which I am pleading guilty and that if this matter were to proceed to trial the government could prove the elements of the offense beyond a reasonable doubt:

Prior to August 31, 2021, the defendant, Sean Lee Arnold, was convicted of multiple crimes punishable by a term of imprisonment exceeding one year. The defendant was present when he was convicted and sentenced to terms exceeding one year for these crimes, and he was aware he had such convictions.

From a time unknown until on or about August 31, 2021, at or near Tucson, in the District of Arizona, Sean Lee Arnold conspired with others known and unknown to possess methamphetamine with the intent to distribute. On August 31, 2021, law enforcement agents served a search warrant on the defendant's residence. The defendant was inside of his residence, and agents found approximately 1.35 kilograms of actual methamphetamine and $3800 US currency in a backpack and metal case next to the defendant's bed. Agents also found one Marlin Firearms Company, J.C. Higgins, model 100, .22 caliber rifle and one round of .38 ammunition on a dresser by the foot of the defendant's bed. The defendant knew the methamphetamine was imported from Mexico, and the defendant received the methamphetamine from another known drug trafficker with the intent to distribute.

The Marlin Firearms Company, J.C. Higgins, model 100, .22 caliber rifle and one round of .38 ammunition were manufactured outside of the state of Arizona, and thus affected interstate or foreign commerce.

FEBRUARY 9, 2023                    s/ SEAN ARNOLD
_____                 _____
Date                                SEAN LEE ARNOLD
                                    Defendant

DEFENSE ATTORNEY'S APPROVAL

I have discussed this case and the plea agreement with my client in detail and have advised the defendant of all matters within the scope of Rule 11, Fed. R. Crim. P., the constitutional and other rights of an accused, the factual basis for and the nature of the

offense to which the guilty plea will be entered, possible defenses, and the consequences of the guilty plea, including the defendant's waiver of the right to appeal. No assurances, promises, or representations have been given to me or to the defendant by the government or by any of its representatives which are not contained in this written agreement. I concur in the entry of the plea as indicated above and on the terms and conditions set forth in this agreement as in the best interests of my client. I agree to make a bona fide effort to ensure that the guilty plea is entered in accordance with all the requirements of Rule 11, Fed. R. Crim. P.

FEBRUARY 9, 2023
Date

s/MARK R. RESNICK
MARK RESNICK
Attorney for Defendant

GOVERNMENT'S APPROVAL

I have reviewed this matter and the plea agreement. I agree on behalf of the United States that the terms and conditions set forth are appropriate and are in the best interests of justice.

GARY M. RESTAINO
United States Attorney
District of Arizona

ASHLEY CULVER
Digitally signed by ASHLEY CULVER
Date: 2023.02.08 19:17:24 -07'00'

Date

ASHLEY CULVER
Assistant U.S. Attorney